T.C. Johnston, LL.M. - CA SBN 188006
I n t e r n e t  L a w
3245 University Ave., Suite 1245
San Diego, California  92104
619.446-6750 | info@tcjohnston.com

Attorney for Plaintiff Express Companies, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EXPRESS COMPANIES, Inc., a California corporation, dba American CPR Training,

Plaintiff,

v.

INNOVATIVE LIFE SOLUTIONS, Inc.; INNOVATIVE DAY, LLC; CURTIS WILLIAMS, an individual, and GESELE JONES, an individual,

Defendants.

Case No.: **'23CV0749 BEN BLM**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**1)** False Designation of Origin – 15 USC §1125(a)
**2)** Statutory Trademark Infringement – 15 USC §1114
**3)** Counterfeiting – 15 USC §1114(1)
**4)** Common Law Trademark Infringement
**5)** Copyright Infringement – 17 U.S.C. §101 et seq.
**6)** Breach of Contract [Instructor Agreement]
**7)** Breach of Covenant of Good Faith and Fair Dealing
**8)** Violation of California Business and Professions Code §17200 et seq.
**9)** Injunctive Relief

**JURY DEMAND**

### JURISDICTION AND VENUE

1.      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

2.      Venue is proper under 28 U.S.C. § 1391.

3.      Plaintiff is informed and believes that one or more defendants was conducting business in the County of San Diego, State of California, to an

1

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

extent that they are subject to jurisdiction in this forum, including pursuing an active business relationship with plaintiff in California for an extended period of time.

4.    Contracts and agreements as alleged in this action were entered into and performed in the State of California.

5.    The defendants purposefully availed themselves of the benefits of conducting business in the State of California by reaching out to plaintiff Express Companies, Inc. in California as early as 2008 to contractually engage plaintiff to provide its CPR Training and Certification services to defendants, renewing the obligation in December of 2011, and communicating with plaintiff under the contracts as late as 2014.

6.    Such CPR Training and Certification services involve regular contact and exchange of information and materials between the parties, including defendants' contractual obligations to purchase written training materials and certification cards for their trainees, and to document all training sessions and all trainees and regularly provide documentation of same to plaintiff.

7.    Plaintiff alleges that the facts set forth above, and the extent of the contacts between the parties, in the State of California, confer jurisdiction over the defendants in the State of California.

8.    Damages to the plaintiff as a result of the acts and omissions of defendants occurred in the State of California.

9.    Each defendant named above is a natural person except INNOVATIVE LIFE SOLUTIONS, Inc., which is believed to be a corporation organized under the laws of the State of Maryland; and INNOVATIVE DAY, LLC, which is believed to be a Limited Liability Company organized under the laws of the District of Columbia and doing business there and elsewhere.

2

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

10. Plaintiff is informed and believes that defendant CURTIS WILLIAMS is a director, officer, member, manager, principal and/or responsible party with authority to act on behalf of defendant INNOVATIVE LIFE SOLUTIONS, Inc.; and/or defendant INNOVATIVE DAY, LLC.

11. Plaintiff is informed and believes that defendant GESELE JONES was an employee of defendant INNOVATIVE LIVE SOLUTIONS, Inc., through October, 2018; at relevant times worked in the "Human Resource Department"; and in being the original party to enter into contracts with plaintiff on behalf of the defendants, was a director, officer, member, manager, principal and/or responsible party with authority to act on behalf of defendant INNOVATIVE LIFE SOLUTIONS, Inc.; and/or defendant INNOVATIVE DAY, LLC.

12. Plaintiff on information and belief alleges that that at all times relevant to this Complaint, defendants and others who have yet to be identified were in an agency and/or employment relationship with some or all of each other, and in doing the things herein alleged, were acting within the purpose and scope of their agency and employment, and with the permission and consent of their co-defendants.

**STATEMENT OF FACTS SUPPORTING ALLEGATIONS**
**AND CLAIMS FOR RELIEF**

13. Paragraphs 1 through 12 of plaintiff's Complaint are incorporated and adopted by reference as though fully restated herein.

14. Plaintiff EXPRESS COMPANIES, Inc. (ECI), dba American CPR Training, is a corporation generally engaged in the business of offering products and services including CPR training classes and other safety training classes; safety-related consulting and management; first aid products; disaster and survival products; automatic external defibrillators (AEDs) including a grant program for qualifying entities; and other products and services.

15.     Plaintiff has been offering training courses and related products and services since about 1993. Plaintiff has been advertising and selling its products and services on the internet since 1997.

16.     As part of its services, plaintiff produces training manuals and other wholly original nonfiction works, including advertising and marketing materials; CPR and first aid safety training handbooks; bloodborne pathogens and precautions safety training handbooks; training certification cards; and images and graphics of products and services provided by EXPRESS.

17.     Since 1997, plaintiff has expended much time, effort, and money promoting its identity on the internet as a source of safety-related goods and services through methods including advertising, and vigorous promotion via ever-evolving channels of communication.

18.     Plaintiff's internet presence includes websites located at the domain names AmericanCPR.com, American-CPR-Training.com, first-aid-product.com, and many others. Through its websites, plaintiff markets and advertises its goods and services, and provides information related thereto, to consumers, prospective consumers, and the public.

19.     Through the internet, plaintiff markets and advertises its goods and services, and provides information related thereto through many various media, including sponsored search placement on various search engines, social media, and other channels.

20.     Plaintiff has invested substantial resources in its business, marketing, and advertising, and websites and online presence in general, which constitutes a significant part of its operations and brand development.

21.     Plaintiff has developed a strong presence on the internet through its various websites and advertising media, and has become one of the top sellers of its products and services on the internet.

22.     Plaintiff has spent the past three decades establishing its nationally recognized training curriculum, including developing and launching new emergency response programs with the White House (including joint efforts with the National Security Council, CDC, the Department of Defense, the Office of Homeland Security, and the Office of Health Affairs). Plaintiff is known for training all branches of the US Military, most State and Federal Agencies, Educational and Healthcare institutions of all levels, and thousands of public and private entities.

23.     Plaintiff holds a registered copyright in its "CPR Man" image through the United States Copyright Office (Registration No. VAu-429-343, May 11, 1998). Plaintiff also holds a California registered service mark for the "CPR Man" image (Registration No. 66079, November 25, 2009).  The "CPR Man" image is both copyrighted, and functions as a trademark and trade dress of plaintiff, including being incorporated into ECI's registered "American CPR Training" design mark.

24.     Plaintiff holds a design service mark for its "American CPR Training" mark, which is registered with the United States Patent and Trademark Office (USPTO), Registration No. 6051970; May 12, 2020.

25.     Plaintiff additionally holds California registered service marks, as relevant here, for the marks "American CPR Training" (No. 66099, December 1, 2009); and "AmericanCPR.com" (No. 66095, December 1, 2009).

26.     Plaintiff additionally has common-law trademark rights in other marks as may be relevant to this action.

27.     As part of its CPR training and certification process, ECI issues training certification cards that prominently feature ECI's trademarked "American CPR Training" design including the CPR Man logo. The text on the card includes: "Certification Card," followed by the certified party's name, then states that the named person "Has successfully completed an American CPR

5

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

Training course with the curriculum for:", which is followed by the specific training covered. At the bottom of the card is are areas for the instructor's signature, and for the renewal date (generally two years after issuance).

28.     Images of plaintiff's Certification Cards are included here as follows (watermarked and in black-and-white for security purposes).

29.     The first image below is the Certification Card from prior to May 12, 2020, which included the copyright symbol in the "CPR Man" image, and the "TM" mark next to the title.



30.     The second image below is a Certification Card from May 12, 2020 to present, which is the date that ECI's "American CPR Training" mark was registered with the USPTO.  The registered image included ECI's removal of the copyright symbol from the image, and the new card now includes the "registered" ® symbol.

6

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

31.     The date ECI began utilizing the new card design is significant in that several of the Certification Cards in plaintiff's possession that were fraudulently issued by defendants, as detailed below, were issued on copies of the old, original certification cards after the date at which plaintiff ECI had stopped using that design and had begun using the newer cards.

**DEFENDANTS' ACTS**

32.     Paragraphs 1 through 31 of plaintiff's complaint are incorporated and adopted by reference as though fully restated herein.

33.     Plaintiff on information and belief alleges that defendant INNOVATIVE LIFE SOLUTIONS, Inc. (ILS), is a Maryland corporation that offers housing, community services and related services to persons with intellectual developmental disabilities and others.

34.     Plaintiff on information and belief alleges that defendant INNOVATIVE DAY, LLC, is a subsidiary or sister-company of Innovative Life Solutions, that offers additional services to a broader group of persons with disabilities.

7

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

35.     Plaintiff on information and belief alleges that defendant CURTIS WILLIAMS is a principal or person with authority acting on behalf of both entity defendants, who most recently has been the primary actor knowingly engaged in the wrongful acts and omissions set forth below, with the knowledge and consent of the entity defendants and their principals.

36.     Plaintiff on information and belief alleges that defendant GESELE JONES was a principal or person with authority acting on behalf of both entity defendants, who was aware of the wrongful acts and omissions set forth below, with the knowledge and consent of the entity defendants and their principals.

37.     On or about November 29, 2008, defendant ILS contacted plaintiff EXPRESS COMPANIES, Inc. (ECI), through former employee GESELE JONES, to engage ECI to provide its CPR Training services via ECI's dbas American EHS, and American CPR Training.

38.     Specifically, GESELE JONES applied to act as a CPR Instructor on behalf of ECI, for the benefit of her employer ILS.

39.     On or about December 11, 2008, after approval of GESELE JONES' initial application, ECI and ILS entered into a written agreement for JONES to act as an affiliate instructor to provide CPR, First Aid, Automated External Defibrillation, and/or Bloodborne Pathogens and Universal Precautions training to ILS agents and employees.

40.     GESELE JONES was acting on behalf of ILS in ways including:  Her applications in both 2008 and 2011, listed the Training Organization Name section as "Innovative Life Solutions"; her Affiliate Instructor Equipment and Schedule form listed the Training Organization as "ILS"; and she filled out the Instructor Certification Challenge Program application as "Gesele Jones c/o Innovative Life Solutions".

41.     GESELE JONES communicated with plaintiff ECI through an ILS email address: GJones@innovativelife.org; her email signature block said "Gesele Y. Jones, Human Resource Dept."

42.     JONES also faxed documents to ECI from an ILS fax machine, bearing and ILS fax number and header information.

43.     GESELE JONES stated in writing in 2012: "… I have not instructed a class for an outside customer …" in an email from her GJones@innovativelife.org, which included her "Human Resource" signature block.

44.     Several payments to ECI from ILS for JONES' instruction materials (which included the Instructor Manual containing the instructor rules and the contract) were tendered via checks from the bank account of "Innovative Life Solutions, Inc." from its account at The Columbia Bank.  [Exhibit A.]

45.     All of the above are clear indicia that JONES was acting on behalf of, and with the full authority of defendant ILS.

46.     As part of the CPR Training services provided by ECI, Instructors are required to purchase approved training materials for every student, and to document all training sessions, including the name and other information regarding each person trained, and the date of the session.  Instructors are required to keep complete American CPR Training Rosters of all training classes and to submit them to ECI whenever they train any group or party.

47.     ILS and defendants have not purchased training materials from ECI,  or provided any of the required class rosters of the parties who were issued Training Certificates, since around 2013.

48.     In July 2014, ECI advised GESELE JONES in writing that her instructor status had expired.  ECI requested that, in order to resume her status as an affiliate trainer, JONES needed to provide to ECI her prior training class

9

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

rosters, which had not been provided to ECI per the agreement of the parties; and to pay certain fees, and take other action.

49.     JONES said that the rosters for "2012 & 2013 it has been moved to an off site storage space. Can I obtain a temporary cert due to high volume of employees that need it right away?"

50.     ECI explained that JONES could not be re-certified as an instructor until she provided the past rosters, re-applied, and paid the necessary fees.

51.     JONES never supplied the requested materials.

52.     ECI training affiliates, at times, cease to renew their affiliate and certification status, and cease purchasing materials, which is generally only an indication of changes at the entity the affiliate represents, or myriad other factors;  and which do not raise any red flags with ECI.  Thus ECI had no reason to suspect defendants continued to represent ECI as its certifying authority, and ECI considered the account closed.

53.     However, in late 2022, ECI became aware of information indicating that not only had defendants continued to issue unauthorized copies and reproductions of ECI's CPR Training Certification Cards to parties, but also that it was doing so without actually training the parties to whom the Certification Cards were issued.

54.     On information and belief, plaintiff ECI alleges that defendants for many years simply photocopied blank copies of ECI's Certification Cards, and fraudulently presented them as proof of certification when the need arose.

55.     Plaintiff on information and belief alleges that defendants did not purchase training materials and Certification Cards from ECI as required by its contract with ECI; did not keep sign-in sheets of the parties trained as required by its contract with ECI, and on some or all occasions, did not even provide training to the parties they claim to have trained.

10

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

56.     Plaintiff on information and belief alleges that defendant CURTIS WILLIAMS, an agent of the entity defendants, and others who had knowledge of his activities, would create the fraudulent Certification Cards, often in instances where an audit of defendants' certifications by one or more of the licensing agencies was pending or forthcoming.  Plaintiff is informed and believes that defendants would photocopy ECI's Certification Cards, fill them out with false information, and present them to the auditing body as falsified proof of training certifications.

57.     However, the wrongly-copied cards were not valid, which harms plaintiff ECI in innumerable ways; harms the public via fraud on governmental agencies, and of course, could result in harm or even death to actual individuals if a CPR event occurred in the presence of a party who was ostensibly trained to provide CPR, but was in reality not trained in CPR and related lifesaving techniques.

58.     Plaintiff on information and belief alleges that the entity defendants are licensed or claim to be licensed by various governmental agencies to which they are required to provide records of CPR training and related certifications. Specifically, defendant ILS represents on the innovativelife.org website and elsewhere that it is licensed by the following governmental agencies:

• DC's Department of Disability Administration and Disability Services

• Intellectual Developmental Disabilities in the District of Columbia

• Department of Disability Services (DDS)

• Department of Behavioral Health (DBH)

• Child and Family Services Agency (CFSA)

• Health Services for Children with Special Needs (HSCSN)

59.     Plaintiff on information and belief alleges that defendants have, for many years, submitted falsified and fraudulent American CPR Training

11

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

certification cards to some or all of the above agencies to maintain their licenses with said agencies, and/or upon an audit by some or all of said agencies.

60.     Upon learning that defendants had been issuing false Certification Cards bearing ECI's American CPR Training brand and under ECI's ostensible authority, ECI reached out to defendants ILS to request the relevant records supporting the issuance of the Certification Cards, including the cards themselves, and the written logs of the trainees, dating back several years.

61.     After multiple communications between principals of plaintiff ECI and representatives of defendants, with multiple promises by defendants to provide the requested materials, no materials or further information were provided to ECI.

62.     Instead, defendants' counsel responded in writing denying all material allegations and deeming the matter closed.

63.     Defendants, through their counsel, initially denied that ECI was ever a training provider for ILS or Innovative Day.  Defendants alleged there was no contract between ILS and ECI, and no direct or indirect obligation by defendants' employees to utilize ECI as a training partner.  Defendants through counsel claimed that a former employee of ILS who left in 2018, was certified by ECI, but "her employment with ILS did not require her to be a CPR trainer and CPR training was not part of her employment arrangement with ILS. Similarly, Mr. Williams' employment with ILS does not include any requirement to be certified in CPR nor did he have any obligation or commitment related to issuing CPR training to any individuals, including ILS employees."

64.     The parties entered into communications thereafter, through their counsel, and more information was shared between them, resulting in plaintiff ECI obtaining more falisfied Certification Cards, but the parties reached impasse.

65.     Regardless, ECI is currently in possession of written agreements executed by the former ILS employee GESELE JONES, both in 2008 and 2011, entered into on behalf of defendant INNOVATIVE LIFE SOLUTIONS, 6475 New Hampshire Ave, #760, Hyattsville, MD.  It is also in possession of emails with Ms. Jones on behalf of ILS from her ILS email address, and several checks from ILS from its "Innovative Life Solutions, Inc." bank account with The Columbia Bank.  [Exhibit A.]

66.     The training rosters that were initially provided by ILS indicate that all trainings occurred on ILS' premises.  Plaintiff is informed and believes that the students listed on the rosters were ILS employees or contractors as well, as indicated by GESELE JONES.

67.     Further, the training rosters ILS did provide to ECI show that the founder of the entity defendants, and ILS' current CEO, DAVID CARRINGTON, was one of the parties trained by GESELE JONES, on behalf of ILS, on around August 16, 2011, when ILS was still purchasing materials and providing rosters as required by the contract with ECI.

68.     ECI is further in possession of several examples of photocopied, fraudulent American CPR Training certification cards, issued between 2018 and 2021, on behalf of defendants, many signed by defendant CURTIS WILLIAMS, with varied handwriting.  Plaintiff on information and belief alleges there are many more such fraudulently issued certification cards.  [Exhibit B.]

69.     Several of the ILS photocopied, fraudulently issued American CPR Training certification cards in ECI's possession were issued on cards utilizing the older, discontinued design, after ECI had changed the design of the cards, further evidencing that defendants were wrongfully copying ECI's certification cards in their possession without ECI's knowledge, consent, or authorization. [Ex. B.]

70.     This physical evidence, and more, belie the defendants' assertions, including that they did not and do not issue Certification Cards bearing ECI's name, service marks, and copyrighted materials.

71.     As a result of the acts and omissions of defendants and others working in concert with them, ECI has been damaged and suffered harm in ways including: damage to its reputation; the harm incident to becoming known as a fraudulent card issuer should this information be disseminated; the potential banning of ECI as a training organization for the affected governmental agencies set forth above, and/or by all the States and Federal agencies and entities related to or who communicate or coordinate with the above-listed agencies; direct loss of income and revenue for each of the employees and others who were issued fraudulent training certification cards without the requisite fees paid to ECI, since around 2013, which could number in many hundreds; harm to ECI's brand and marks due to the false representations of certification by defendants; and the risk of being sued by a party harmed by a falsely certified party performing CPR or other emergency treatment on a third-party without being properly trained, or trained at all.

72.     Defendants have breached the agreement with plaintiff ECI in numerous ways, as set forth herein, and has intentionally infringed copyrights and trademarks of ECI.

73.     On information and belief, Defendants continue to infringe on ECI's copyrighted work, and specifically the training materials and "CPR Man," and plaintiff is informed and believes defendant further infringed by continuing to make copies of ECI's certification cards and other proprietary works and materials.

74.     On information and belief, defendants have, and continue to infringe ECI's trademarks, as set forth above.

75.     As a result of the acts of defendants, plaintiff has suffered the damages as alleged herein.

### FIRST CLAIM FOR RELIEF

### False Designation of Origin – 15 USC §1125(a)

76.     Paragraphs 1 through 75 of plaintiff's complaint are incorporated and adopted by reference as though fully restated herein.

77.     Defendants' use of the ECI trademarks, including using ECI's "American CPR Training" mark on falsified Certification Cards and elsewhere constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or to deceive and has confused and deceived consumers and prospective consumers into believing that the defendants are affiliated with, authorized by, approved by, or sponsored by ECI.

78.     On information and belief, defendants' unlawful activities reflect adversely on ECI because ECI has no ability to control the quality of defendants' services or products, and are acting in an official capacity wrongfully utilizing ECI's credentials to obtain benefits for themselves as the expense of ECI, thus eroding trust in ECI by certifying parties as having been trained under ECI's authority when they were not, resulting in the loss of sales and reputation thereof to the irreparable harm of ECI.

79.     Defendants' use of ECI's trademarks and confusingly similar marks has caused, and continues to cause, confusion, mistake, and deceit among consumers and potential consumers as to the source, origin, sponsorship, approval of, endorsement, or affiliation of defendants and its services and products by or with ECI and misleads consumers into believing that defendants and its services are the same as ECI or are thought to be affiliated with, authorized, approved, or sponsored, or endorsed by ECI.

15

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

80. Defendants' acts are being committed with the purpose and intent of misappropriating and trading upon the goodwill and reputation associated with plaintiff ECI and its trademarks.

81. By its actions, defendants have unfairly competed with, and continue to

unfairly compete with, ECI in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

82. Defendants' actions have caused ECI to sustain monetary losses, and other damages and injury, in an amount to be determined at the time of trial.

83. ECI is entitled to a full accounting in respect to all gains, profits and advantages derived by defendants through its use of ECI' trademarks and of any confusingly similar marks.

84. Defendants have engaged in this activity knowingly, intentionally, willfully, and in bad faith, so as to justify the assessment of treble damages against defendants.

85. This is an exceptional case and therefore ECI is entitled to its reasonable attorneys' fees and costs.

86. Defendants' actions have caused and, unless enjoined by the Court, will continue to cause irreparable damage, loss, and injury to ECI for which ECI has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**Statutory Trademark Infringement – 15 USC §1114**

87. Paragraphs 1 through 86 of plaintiff's complaint are incorporated and adopted by reference as though fully restated herein.

88. Defendants are aware of the enormous goodwill, reputation, and value represented and symbolized by ECI' trademarks and is well aware that the American CPR Training trademark is widely recognized and relied upon by

16

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

the public to identify the products and services of ECI and to distinguish them from the products of others.

89.    The above is exemplified by defendants continuing to utilize ECI trademarks, copyrights, and other materials for many years without advising ECI, following ECI's rules and guidelines in relation to the use of its materials, or paying the requisite fees.

90.    On information and belief, with knowledge of the goodwill, reputation and value represented and symbolized by ECI'S trademarks, and without the consent of ECI, defendants have used, and continues to use, ECI trademarks to falsely certify CPR and other training candidates in a manner that leads consumers to believe that ECI is the source of, affiliated with, sponsors, or endorses defendants.

91.    On information and belief, defendants' actions have caused, and continue to cause, confusion and mistake, and to deceive consumers and potential customers, as to the origin of defendants' services, and mislead consumers into believing that defendant ILS and/or INNOVATIVE DAY is affiliated with ECI or thought to be affiliated with, authorized by, approved by, or sponsored by, ECI.

92.    Defendants' actions constitute infringement of ECI' registered trademarks in violation of 15 U.S.C. § 1114.

93.    Defendants' actions constitute conduct in violation of 15 U.S.C. §1114(1)(a), which is likely to cause confusion, or to cause mistake, or deceive the consuming public.

94.    Defendants' actions constitute conduct in violation of 15 U.S.C. §1114(1)(b), which is likely to cause confusion, or to cause mistake, or deceive the consuming public.

95. Defendants' actions have caused ECI to sustain monetary losses, and other damage and injury, in an amount to be determined at the time of trial.

96. Defendants' actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss and injury to ECI for which Plaintiffs have no adequate remedy at law.

97. Defendants' conduct was willful and intentional, which makes this case an exceptional case, entitling ECI to an award of attorney fees and costs under the Lanham Act.

98. ECI is entitled to an injunction against defendants' use, display, or sale of services under ECI' trademarks or under marks confusingly similar to ECI' trademarks.

99. ECI is entitled to all profits defendants has derived from, and damages ECI suffered from, defendants' wrongful use and display of trademarks or marks confusingly similar to ECI's trademarks.

100. ECI is entitled to a destruction order, which directs defendants to destroy all of its infringing certification cards, training materials, labels, signs, prints, packages, advertisements, promotional and/or marketing material.

101. Defendants' actions were done knowingly and in bad faith so as to justify judgment against defendants in an amount equal to three times defendants' profits and ECI's damages, plus reasonable attorneys' fees.

102. ECI is entitled to a recall order, which directs defendants to recall all infringing labels, signs, prints, packages, advertisements, promotional and/or marketing material, and specifically, certification cards and ECI's instructional materials.

103. ECI is also entitled to a notification order which directs defendants to notify all affected parties, including those purportedly trained and those

18

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

wrongfully certified as having been trained in CPR, of this Court's destruction and recall orders.

104.   ECI is entitled to a full accounting in respect to all gains, profits and advantages derived by defendants through their use of ECI' trademarks and of any confusingly similar marks, and a full and complete accounting in respect to their compliance with the Court's destruction order, recall order, and notification order.

105.   ECI is entitled to an order which requires defendants to place corrective advertising in each advertising venue where ECI' trademarks or any confusingly similar marks were mentioned.

106.   ECI is entitled to an order which requires defendants to provide a copy of any Order of this Court to all who received products and services in connection with defendants infringing use of ECI' trademarks or of any confusingly similar marks.

**THIRD CLAIM FOR RELIEF**

**Counterfeiting – 15 USC §1114(1)**

107.   Plaintiff incorporates paragraphs 1 through 106 of the Complaint and adopts same as though fully restated.

108.   On information and belief, defendants created and distributed counterfeits, copies, and colorable imitations of ECI's registered "American CPR Training" mark in a manner that was and is likely to create confusion, or to cause mistake or to deceive.

109.   On information and belief, defendants reproduced, counterfeited, copied, and colorably imitated ECI's registered "American CPR Training" mark by creating copies of ECI's CPR Training Certificate cards without consent and by distributing them to the trainees and to governmental agencies and others in a way that was and is likely to create confusion, or to cause mistake or to deceive.

19

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

110.   As a result, plaintiff ECI has suffered the damages as alleged herein.

111.   Plaintiff is entitled to all damages arising form defendants' counterfeiting, including treble damages pursuant to 15 USC §1117(b) and other applicable provisions of law.

112.   Plaintiff is entitled to statutory damages arising form defendants' willful counterfeiting of $200,000 per type of services distributed pursuant to 15 USC §1117(c) and other applicable provisions of law.

113.   Plaintiff is entitled to statutory all damages arising form defendants' willful counterfeiting of $2,000,000 per type of services distributed pursuant to 15 USC §1117(c) and other applicable provisions of law.

## FOURTH CLAIM FOR RELIEF

## Common Law Trademark Infringement

114.   Plaintiff incorporates paragraphs 1 through 113 of the Complaint and adopts same as though fully restated.

115.   As alleged herein, plaintiff owns and enjoys trademark rights in and to marks including its "American CPR Training" and "CPR Man" mark, and other marks as relevant to this action.

116.   The trademark rights of plaintiff as alleged herein are superior to any rights that defendants may claim in and to said marks.

117.   As alleged herein, defendants currently are using the marks identical to and confusingly similar with the "American CPR Training" and "CPR Man" marks in connection with the provision of services ostensibly under the authority of plaintiff ECI, but really in breach of its agreements with plaintiff.

118.   The continued use of such identical and confusingly similar marks by defendants will impinge upon and threaten the goodwill and exemplary reputation that plaintiff has built up over a period of time and through expenditure of time, money, and resources.

20

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

119.   The continued use of such identical and confusingly similar marks by defendants is likely to cause confusion as to the source of such information, goods, and services as originating with defendants or authorized by use of defendants, to the detriment of plaintiff.

120.   If not enjoined by this Court, plaintiff on information and belief, alleges that defendants will continue to use such identical and confusingly similar marks in connection with the information, goods and services that defendants provide.  Plaintiff, however, will have no control over the nature and quality of the information, goods and services that defendants provide in association with such identical and confusingly similar marks. Thus, any false, disparaging, untrue, or objectionable information or any faults or defects in any goods or services provided by defendants will be attributed to plaintiff and will adversely affect the goodwill of plaintiff, plaintiff's standing in the community, and plaintiff's ability to continue its activities.

121.   Defendants' use of such identical and confusingly similar marks is and was done without the authorization, knowledge, consent or permission of plaintiff.

122.   Defendants have violated and infringed the statutory and common law trademark rights of plaintiff.

123.   Plaintiff will be irreparably harmed unless defendants are enjoined from further use of any identical or confusingly similar marks.

124.   Plaintiff has no adequate remedy at law and serious damage to its reputation and goodwill engendered by its use of the "American CPR Training" and "CPR Man" marks as alleged herein will result unless defendants' use of any identical or confusingly similar marks is enjoined by this Court.

125.   Defendants' infringement of plaintiff's trademark rights has caused plaintiff to suffer damages in an amount unknown at this time and has caused defendants to gain profit in an amount unknown at this time.  Plaintiff,

21

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

accordingly, is entitled to an award of monetary damages because of defendants' trademark infringement.

126.   Defendants' infringement of plaintiff's trademarks as alleged herein constitutes willful, knowing and deliberate trademark infringement.

127.   Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an order requiring defendants to account to Plaintiff for any and all profits derived by defendants from their actions, and an order awarding all damages sustained by Plaintiff by reason of the acts.

128.   Defendants' conduct alleged herein was intentional, without foundation in law, and in conscious disregard of Plaintiff's rights. Pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to an award of treble damages against defendants.

129.   Defendants' acts make this an exceptional case under 15 U.S.C. §1117(a). Accordingly, Plaintiff is entitled to an award of attorneys' fees in addition to costs.

**FIFTH CLAIM FOR RELIEF**

**Copyright Infringement – 17 U.S.C. §101 et seq.**

130.   Paragraphs 1 through 129 of plaintiff's Complaint are incorporated and adopted by reference as though fully restated herein.

131.   As alleged above, plaintiff has produced documentary materials for its training classes including CPR and first aid safety training handbooks and certification cards which include its registered "CPR Man" logo.

132.   The logo and training manuals contain material wholly original with plaintiff that is copyrightable subject matter under the laws of the United States.

133.   Plaintiff is currently and at all relevant times has been the sole owner of all right, title, and interest in and to the copyrights listed in this Complaint.

134.   Defendants knowingly and willfully copied protectable elements of plaintiff's materials, and specifically its "CPR Man" logo as utilized on its Certification Cards, and prepared derivative works therefrom.

135.   Plaintiff is informed and believes that defendants knowingly and willfully directly copied plaintiff's works as listed herein, either in their entirety, or prepared as derivative works, for profit.

136.   Plaintiff is informed and believes that defendants intend in the future to copy plaintiff's works as listed herein, either in their entirety, or prepared as derivative works.

137.   Defendants' copying of plaintiff's copyrighted work was done without the knowledge, consent or permission of plaintiff.

138.   The actions of defendants in copying plaintiff's copyrighted work have infringed and continues to infringe plaintiff's copyrights as listed herein.

139.   Defendants' infringement of plaintiff's copyrights is a willful, knowing and deliberate infringement.

140.   The natural, probable and foreseeable result of defendants' wrongful conduct has been and will continue to be to deprive plaintiff of goodwill, and to injure plaintiff's relations with present and prospective consumers of plaintiff's services.

141.   Plaintiff is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenues and has sustained and will continue to sustain substantial damages due to the actions of defendants. Defendants' wrongful conduct also has deprived and will continue to deprive plaintiff of opportunities for expanding its goodwill.

142.   Plaintiff is entitled to recover from defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of defendants' acts of infringement alleged above. Because Plaintiff registered its CPR Man image

23

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

prior to infringement, plaintiff is entitled to elect statutory damages in lieu of actual damages. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by plaintiff.

143.   Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and profit from plaintiff's copyrighted materials and works derived from them.

144.   As a direct and proximate result of the acts of defendants as alleged above, plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no remedy at law and will suffer irreparable injury unless defendants are restrained and enjoined from further infringement of plaintiff's copyrights.

**SIXTH CLAIM FOR RELIEF**

**Breach of Contract [Instructor Agreement]**

145.   Plaintiff incorporates herein by reference paragraphs 1 through 144 of this Complaint and adopts same as though fully restated.

146.   Plaintiff has performed all conditions, covenants and promises on its part under the Instructor Agreement described herein, except for those obligations waived, excused or prevented by defendants, and each of them.

147.   Beginning at some point in or after 2011,  and continuing thereafter, defendants and each of them breached the agreement with ECI by acts and omissions as set for the above, including failure to pay for materials they did order, copying ECI materials in violation of the terms, and intentional wrongful use of ECI's marks and works.

148.   As a direct and proximate result of the breaches alleged herein, Plaintiff suffered, and will continue to suffer, damages in a sum according to proof at trial.

**SEVENTH CLAIM FOR RELIEF**

**Breach of Covenant of Good Faith and Fair Dealing**

149.   Plaintiff incorporates paragraphs 1 through 148 of the Complaint and adopts same as though fully restated.

150.   The agreement between the parties contained a covenant implied by law that defendants, and each of them, will act toward plaintiffs in good faith and with fair dealing.

151.   The implied covenant of good faith and fair dealing imposes upon defendants the duty not to take any action that will impair, hinder or frustrate the enjoyment of the other party's rights under the agreement.

152.   Plaintiff is informed and believes that defendants, and each of them, in doing the acts alleged herein, have breached the covenant of good faith and fair dealing implied in the agreement between the parties in that they, in bad faith and with a motive to frustrate intentionally plaintiff's enjoyment of its rights under the agreement, have committed the above-described acts and omissions.

153.   As a direct and proximate result of the breaches alleged herein, Plaintiff suffered, and will continue to suffer, damages in a sum according to proof at trial.

**EIGHTH CLAIM FOR RELIEF**

**Violation of California Business and Professions Code §17200 et seq.**

154.   Plaintiff realleges and incorporates herein by reference paragraphs 1 through 153 of this Complaint.

155.   The actions of defendants as alleged herein constitute unfair competition and false advertising in violation of California Business and Professions Code sections 17200 et seq.

156.   The acts of unfair competition and false advertising by defendants include infringement of plaintiff's copyrighted works and services marks;

25

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

breach of the Instructor Agreement and the covenant of good faith and fair dealing; false and unfair advertising; as well as other violations of law.

157.  Defendants' acts of unfair competition and false advertising as alleged herein are intentionally designed to damage plaintiff's goodwill and to cause financial gain to defendant and financial harm to plaintiff.

158.  Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, defendants intend to continue their course of conduct and to unfairly compete with plaintiff.

159.  As a direct and proximate result of the acts of defendants alleged above, plaintiff has already suffered irreparable damage. Plaintiff has no remedy at law and will suffer irreparable injury unless defendants are restrained and enjoined from further acts of unfair competition.

160.  Defendants' acts of unfair competition and false advertising have caused defendants to gain profit or value in an amount unknown at this time. Pursuant to California Business and Professions Code section 17203, plaintiff is entitled to restitution and an award of monetary damages in an amount equal to the profits gained by defendants.

### NINTH CLAIM FOR RELIEF
### Injunctive Relief

161.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 150 of this Complaint.

162.  As a result of defendants' actions, plaintiff ECI has suffered and will continue to suffer irreparable harm, including the loss of goodwill and the loss of customers, in an amount difficult to quantify.

163.  The threatened injury to plaintiff outweighs whatever damage the proposed order and injunction may cause to defendants.

164.  The order and injunction will not be adverse to the public interest.

165.   There is a substantial likelihood that plaintiff will prevail on the merits of the underlying claims.

166.   Therefore, plaintiff ECI is entitled to an order granting injunctive relief requiring that defendants shall cease their infringing use of ECI's trademarks and copyrighted materials.

167.   Plaintiff ECI is further entitled to an order requiring defendants to provide a full accounting of all persons who were issued ECI's certification cards without ECI's knowledge, consent or authority or were otherwise fraudulently issued certification cards.

168.   Plaintiff ECI is further entitled to an order requiring defendants to ensure that all persons who were wrongfully issued ECI's certification cards within the last two years, be identified and properly trained and certified by an appropriate training and certification organization.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief against defendants as follows:

1.     For a temporary, preliminary and permanent injunction restraining and enjoining defendants, and their agents, servants, employees, affiliates, and all others in active concert or participation with them, as follows:

a.     from utilizing any text, images, graphics created by plaintiff;

b.     from utilizing any service marks or trademarks belonging to plaintiff;

c.     from utilizing any property belonging to plaintiff, tangible and intangible, in the conduct of business or for any other purpose;

d.     from competing directly or indirectly with plaintiff in violation of the Instructor Agreement that is the subject of this action;

e.     from representing to any parties that defendants are in any way affiliated or associated with, agents of, endorsed by, or authorized to act on behalf of plaintiff;

27

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

f. from further acts of unfair competition and false advertising as alleged herein.

2. For an order directing defendants to provide an accounting of all persons who were issued training ECI training certification cards without the knowledge, consent, or authority of plaintiff.

3. For an order directing defendants to ensure that all persons who were wrongfully issued ECI's certification cards within the last two years, be identified and properly trained and certified by an appropriate training and certification organization.

4. For an order directing defendants to notify all affected parties, including those purportedly trained and those wrongfully certified as having been trained in CPR, of this Court's destruction and recall orders.

5. For an order directing defendants to provide a copy of any Order of this Court to all who received products and services in connection with defendants infringing use of ECI' trademarks or of any confusingly similar marks.

6. For an order directing defendants to file with this Court and serve upon plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth in detail the manner and form in which defendants have complied with the Court's order.

7. For an order requiring defendants to return to ECI immediately all proprietary, promotional, marketing and advertising material relating to or created by plaintiff, or copied by defendants without ECI's knowledge, permission or consent, and any material containing or constituting plaintiff's copyrighted works, service marks, trade secrets, and any material relating to plaintiff's business.

28

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

8.     For an order requiring defendants to destroy any and all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright or trademark held by plaintiff ECI.

9.     For an order finding that, by the acts complained of herein, defendants have engaged in unfair business practices, in violation of California Business and Professions Code §17200 et seq.

10.     That judgment be entered for plaintiff and against defendants for plaintiff's actual damages according to proof, and for restitution any profits or damages attributable to defendants' unfair competition, trademark and service mark infringement, infringement of copyright, interference with business relations prospective and existing, and other wrongful conduct.  At this time actual damages are estimated to be at least $200,000.

11.     For an order finding that, by the acts complained of herein, defendants have created a false designation of origin and/or a false impression of association, in violation of 15 USC § 1125(a).

12.     For treble damages pursuant to 15 USC §1117(a), §1117(b) and other applicable provisions of law.

13.     For judgment be entered for plaintiff and against defendants for statutory damages in the maximum amount based upon defendants acts of counterfeiting, pursuant to 15 USC §1117(c), of at least $200,000 per type of services distributed, and for its willful acts of counterfeiting as evidenced, $2,000,000 per the type of services distributed.

14.     That judgment be entered for plaintiff and against defendants for statutory damages in the maximum amount based upon defendants acts of copyright infringement.

15.     For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter defendants.

16.    For an award of attorneys' fees pursuant to 17 U.S.C. §505, 15 U.S.C. §1117(a) and other applicable provisions of law.

17.    For costs of suit incurred herein.

18.    For an order awarding plaintiff pre-judgment interest.

19.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims for relief and all issues so triable.

Dated:  April 21, 2023

/s/ T.C. Johnston

T.C. Johnston, Attorney for Plaintiff
Express Companies, Inc.

T.C. Johnston, LL.M., Internet Law
3245 University Ave., Suite 1245
San Diego, California  92104
619.446-6750 | info@tcjohnston.com

Complaint - Express Companies, Inc. v. Innovative Life Solutions, et al.

**Exhibit A**

**INNOVATIVE LIFE SOLUTIONS, INC.**
6475 NEW HAMPSHIRE AVENUE, SUITE 760
HYATTSVILLE, MD 20783

THE **COLUMBIA** BANK
Hagerstown Trust Division
Peoples Bank of Elkton Division
**LISTENING IS JUST THE BEGINNING.™**

65-233-550

7963

3/24/2011

PAY
TO THE
ORDER OF     American CPR Training

$ **429.85

Four Hundred Twenty-Nine and 85/100************************************************************************************     DOLLARS

American CPR Training

AUTHORIZED SIGNATURE

MEMO
Training Instructior Manuals & First Aid Combination

⑈"007963"⑈ ⑈:05500 2338⑈: 521159920 1⑈"

---

**INNOVATIVE LIFE SOLUTIONS, INC**                                         7963

American CPR Training                                       3/24/2011

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 3/22/2011 | Bill | 64180 | 429.85 | 429.85 | | 429.85 |
| | | | | | Check Amount | 429.85 |

Checking Account     Training Instructior Manuals & First Aid Combina                    429.85

8839

**INNOVATIVE LIFE SOLUTIONS, INC.**
6475 NEW HAMPSHIRE AVENUE, SUITE 760
HYATTSVILLE, MD 20783
(301) 270-4750

THE COLUMBIA BANK
Hagerstown Trust Division
Peoples Bank of Elkton Division
LISTENING IS JUST THE BEGINNING.℠
65-233-550

9/1/2011

PAY
TO THE
ORDER OF    American CPR Training                                    $  **421.89

Four Hundred Twenty-One and 89/100************************************************************************************ DOLLARS

American CPR Training

MEMO    ADVCPR10/CAREVID-DVD                                          AUTHORIZED SIGNATURE

⑈008839⑈ ⑆055002338⑆    5211599201⑈

---

**INNOVATIVE LIFE SOLUTIONS, INC**

8839

American CPR Training                                                9/1/2011

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 9/1/2011 | Bill | 80528 | 421.89 | 421.89 | | 421.89 |
| | | | | Check Amount | | 421.89 |

Checking Account        ADVCPR10/CAREVID-DVD                                   421.89

# Exhibit B



# American CPR Training

## Certification Card

Has successfully completed an American CPR Training
course with the curriculum for:

### Adult Child Infant C.A.R.E. CPR™ & First Aid

_Williams_

**Instructor Signature**

7-25-2023

**Renewal Date**



# American CPR Training

## Certification Card

███████████████        ████████

Has successfully completed an American CPR Training
course with the curriculum for:

### Adult Child Infant C.A.R.E. CPR™ & First Aid

| | |
|---|---|
| *Curtis William* | 9-11-22 |
| Instructor Signature | Renewal Date |